FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NOV 15 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

ERIE COKE CORPORATION
ANTHONY NEARHOOF

Criminal No. 1:22-CR-23
**[UNDER SEAL]**

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, Nicole Vasquez Schmitt and Michael L. Ivory, Assistant United States Attorneys for said District, and Perry D. McDaniel and Martin Harrell, Special Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

## I. **THE INDICTMENT**

A federal grand jury returned an eight-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|-------|--------------|---------------|--------------------|
| One | Conspiracy to Violate the Clean Air Act<br><br>October 2015 – December 2019 | 18 U.S.C. §§ 371, 2 | Erie Coke Corporation and Anthony Nearhoof |
| Two | Tampering with a Monitoring Device<br><br>November 15, 2017 – December 19, 2019 | 42 U.S.C. § 7413(c)(2)(C) and 18 U.S.C. § 2 | Erie Coke Corporation and Anthony Nearhoof |

| Three | Violation of Title V Permit – Emitting Unburned COG Emissions | 42 U.S.C. § 7413(c)(1) and 18 U.S.C. § 2 | Erie Coke Corporation and Anthony Nearhoof |
|---|---|---|---|
| | November 15, 2017 – December 19, 2019 | | |
| Four – Eight | Violation of Title V Permit – Exceeding Opacity Limits | 42 U.S.C. § 7413(c)(1) and 18 U.S.C. § 2 | Erie Coke Corporation and Anthony Nearhoof |
| | January 1, 2018 January 7, 2018 May 30, 2018 July 4, 2018 July 25, 2018 | | |

## II. ELEMENTS OF THE OFFENSES

### A.    As to Count 1:

In order for the crime of Conspiracy to Violate the Clean Air Act, in violation of 18 U.S.C. §§ 371 and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to commit offenses against the United States, as charged in the Indictment;

2.    That the defendant was a party to or member of that agreement;

3.    That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objectives, to commit offenses against the United States; and

4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B.     As to Count 2:**

In order for the crime of Tampering with a Monitoring Device, in violation of 42 U.S.C. § 7413(c)(2)(C) and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     The defendant knowingly falsified, tampered with, or rendered inaccurate a monitoring device or method; and

2.     The monitoring device or method was required to be maintained under the Clean Air Act.

42 U.S.C. § 7413(c)(2)(C).

**C.     As to Counts 3-8:**

In order for the crime of Violation of Title V Permit – Emitting Unburned COG Emissions (Count Three) and Exceeding Opacity Limits (Counts Four through Eight), in violation of 42 U.S.C. § 7413(c)(1) and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.     The defendant knowingly violated the permit requirements as described in the Indictment; and

2.     The requirements were part of Erie Coke Corporation's Title V Permit.

42 U.S.C. § 7413(c)(1).

### III.  PENALTIES

**A.     As to Count 1:  Conspiracy to Violate the Clean Air Act (18 U.S.C. §§ 371, 2):**

1.     <u>Individuals</u> – The maximum penalties for individuals are:

3

(a)     imprisonment of not more than 5 years (18 U.S.C. § 371);

(b)     a fine not more than the greater of:

     (1)     $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

     (2)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)); and

(c)     a term of supervised release of not more than three (3) years (18 U.S.C. § 3583).

2.     <u>Organizations</u> – The maximum penalties for organizations are:

(a)     a fine of $500,000 (18 U.S.C. § 3571(c)(3));

<u>or</u>

(b)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).

**B.     As to Count 2: Tampering with a Monitoring Device (42 U.S.C. § 7413(c)(2)(C) and 18 U.S.C. § 2):**

1.     <u>Individuals</u> – The maximum penalties for individuals are:

(a)     imprisonment of not more than 2 years, but if the defendant has a prior conviction under 42 U.S.C. § 7413(c)(2), the term of imprisonment is not more than 4 years (42 U.S.C. § 7413(c)(2)(C));

  (b) a fine not more than the greater of:

    (1) $250,000 (18 U.S.C. § 3571(b)(3));

       or

    (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).  However, if the defendant has a prior conviction under 42 U.S.C. § 7413(c)(2), the maximum amount of the fine shall be doubled (42 U.S.C. § 7413(c)(2)(C)); and

  (c) a term of supervised release of not more than 1 year (18 U.S.C. § 3583).

  2. <u>Organizations</u> – The maximum penalties for organizations are:

  (a) a fine of $500,000 (18 U.S.C. § 3571(c)(3));

       or

  (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).  However, if the defendant has a prior conviction under 42 U.S.C. § 7413(c)(2), the maximum amount of the fine shall be doubled (42 U.S.C. § 7413(c)(2)(C)).

  **C.** **As to Counts 3-8:  Violation of Title V Permit – Emitting Unburned COG Emissions (Count Three) and Exceeding Opacity Limits (Counts Four through Eight) (42 U.S.C. § 7413(c)(1) and 18 U.S.C. § 2):**

1.   <u>Individuals</u> – The maximum penalties for individuals are:

(a)   imprisonment of not more than 5 years, but if the defendant has a prior conviction under 42 U.S.C. § 7413(c)(1), the term of imprisonment is not more than 10 years (42 U.S.C. § 7413(c)(1));

(b)   a fine not more than the greater of:

(1)   $250,000 (18 U.S.C. § 3571(b)(3));

<u>or</u>

(2)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).  However, if the defendant has a prior conviction under 42 U.S.C. § 7413(c)(1), the maximum amount of the fine shall be doubled (42 U.S.C. § 7413(c)(1)); and

(c)   a term of supervised release of not more than 3 years (18 U.S.C. § 3583).

2.   <u>Organizations</u> – The maximum penalties for organizations are:

(a)   a fine of $500,000 (18 U.S.C. § 3571(c)(3));

<u>or</u>

(b)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d)).  However, if the defendant has a prior conviction under 42 U.S.C. § 7413(c)(1), the maximum amount of the fine shall be doubled (42 U.S.C. § 7413(c)(1)).

## IV. <u>MANDATORY SPECIAL ASSESSMENT</u>

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. <u>RESTITUTION</u>

Not applicable in this case.

## VI. <u>FORFEITURE</u>

Not applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney


*/s/ Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant United States Attorney
PA ID No. 320316

*/s/ Michael L. Ivory*
MICHAEL L. IVORY
Assistant United States Attorney
PA ID No. 59296


*/s/ Perry D. McDaniel*
PERRY D. MCDANIEL
Special Assistant United States Attorney
WV ID No. 4999


*/s/ Martin Harrell*
MARTIN HARRELL
Special Assistant United States Attorney
WV ID No. 1607